IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN ELECTRICAL EMPLOYEES
HEALTH & WELFARE PLAN,
WESTERN WISCONSIN ELECTRICAL
WORKERS RETIREMENT PLAN,
INDIANHEAD NECA-IBEW
LOCAL 14 WELFARE FUND,
WESTERN WISCONSIN NECA-IBEW
ELECTRICAL JOINT APPRENTICESHIP
& TRAINING FUND and CHRIS                               OPINION and ORDER
GULBRANDSON and DARREN
JOHNSON, in their capacity as                                 24-cv-156-wmc
Trustees of the Funds,

                        Plaintiffs,
  v.

SEEING FURTHER COMMUNICATIONS LLC,

                        Defendant.

---

Plaintiffs Wisconsin Electrical Employees Health & Welfare Plan, Western Wisconsin Electrical Workers Retirement Plan, Indianhead NECA-IBEW Local 14 Welfare Fund, Western Wisconsin NECA-IBEW Electrical Joint Apprenticeship & Training Fund (collectively, the "Funds"), and Chris Gulbrandson and Darren Johnson, in their capacity as Trustees of the Funds, filed this civil action against defendant Seeing Further Communications LLC ("Seeing Further"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA") and other provisions. (Dkt. #1.) Specifically, plaintiffs allege that defendant has violated ERISA by failing to make payments or contributions to the Funds pursuant to the terms of a collective bargaining agreement.

Because defendant has been served and failed to answer timely (dkts. ##9, 11), the clerk of court properly entered a default on June 27, 2024 (dkt. #12). *See* Fed. R. Civ. P. 55(a). Plaintiffs now move for a default judgment under Federal Rule of Civil Procedure 55(b)(2) in the form of an order directing defendant to: (1) submit to an audit to determine the amount of unpaid contributions; and (2) provide plaintiffs' counsel with a list of accounts receivable to determine whether defendant has any assets from which it may cover its obligations to the Funds. (Dkt. #14.) Plaintiffs' motion will be granted for the reasons explained below, although the court retains jurisdiction should further relief be appropriate to enforce that judgment.

OPINION

Once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party. *See* Fed. R. Civ. P. 55(b). Plaintiffs now move for a default judgment under Federal Rule of Civil Procedure 55(b)(2), which provides for the entry of default judgment when a claim is not for a sum certain or a sum that can be made certain by computation. Defendant Seeing Further was served with both the entry of default and plaintiffs' motion for default judgment, but has chosen not to appear.

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Next, if the allegations in the complaint establish the requisite elements of liability on a claim, a plaintiff is entitled to relief for that claim. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *Franko v. All About Travel Inc.*, No. 2:09-CV-233, 2014 WL 2803987, at *1 (N.D.

Ind. June 19, 2014) ("Default judgment is appropriate only if the well-pleaded allegations of the complaint are sufficient to establish a legal claim."). Finally, once liability is established, a plaintiff "must establish … entitlement to the relief" sought. *VLM Food Trading*, 811 F.3d at 255 (citation omitted).

Here, plaintiffs allege that defendant Seeing Further has failed to abide by the terms of a collective bargaining agreement, identified as the Voice-Data-Video Agreement between Local No. 14, International Brotherhood of Electrical Workers, AFL-CIO ("IBEW Local No. 14") and Wisconsin Chapter N.E.C.A., Inc., that was signed by IBEW Local No. 14 and Seeing Further on August 30, 2021, by means of a Letter of Assent. (Dkt. #1 ¶ 6.) Moreover, by executing the collective bargaining agreement, Seeing Further expressly adopted trust agreements and amendments requiring it to: (1) make payments to the Funds for each employee covered by the collective bargaining agreement; and (2) accurately report the work status of covered employees. (*Id*. at ¶¶ 7-9.) Plaintiffs allege that Seeing Further has since violated ERISA and breached its trust agreements by failing to comply with these requirements. (*Id*. at ¶ 9.) As such, plaintiffs assert three claims for relief in connection with Seeing Further's failure to make the required contributions: (1) violation of ERISA Section 515, 29 U.S.C. § 1145, which entitles the Funds to damages under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); (2) breach of the Funds' trust agreements, which include a Collection Policy governing delinquencies; and (3) breach of the Funds' trust agreements by refusing plaintiffs' requests for an audit to determine the amounts due and owing to the Funds for the period of September 1, 2021 to present. (*Id*. at ¶¶ 16-30.)

In support of their complaint, plaintiffs have provided a copy of the Letter of Assent that includes the Voice-Data-Video Agreement and a copy of the Collection Policy for

delinquent contributions. (Dkt. #1-1, #1-2.) They have also provided declarations from Bonnie J. Delap, who is an administrator for the Wisconsin Electrical Employees Health & Welfare Plan, and Jon Chermack, who is an administrator for the Western Wisconsin Electrical Workers Retirement Plan, Indianhead NECA-IBEW Local 14 Welfare Fund, Western Wisconsin NECA-IBEW Electrical Joint Apprenticeship & Training Fund. Delap and Chermack declare that Seeing Further executed the Letter of Assent and agreed to be bound by the Voice-Data-Video Agreement, but since September 1, 2021, it has nevertheless failed to make timely payments to the Fund for each covered employee and provide payroll reports along with those payments. (Delap Decl. (dkt. #15) ¶¶ 5-8; Chermak Decl. (dkt. #16) ¶¶ 5-8.) It has also failed to comply with demands for an audit to determine the amount of unpaid contributions. (Delap Decl. (dkt. #15) ¶ 12; Chermak Decl. (dkt. #16) ¶ 12.)

Plaintiffs' allegations and supporting evidence are sufficient to establish that Seeking Further breached the relevant trust agreements and is liable for unpaid contributions under ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2), which permits "equitable relief as the court deems appropriate" in an action for failing to remit contributions that are required under ERISA Section 515, 29 U.S.C. § 1145. *Midwest Operating Eng'rs v. Dredge*, 147 F. Supp. 3d 724, 741 (N.D. Ill. 2015); *Plumbers and Fitters Local 101 v. Hirth Plumbing and Heating Co.*, 2010 WL 487074, at *2 (S.D. Ill. 2010). Plaintiffs have also established a legal right to audit defendant Seeing Further's books and payroll records. *Central States, Southeast & Southwest Areas Pension Fund v. Central Transp., Inc.,* 472 U.S. 559, 572 (1985); *Electrical Industry Prefunding Credit Reimbursement Program v. Veteran's Electric*, 941 F.3d 311, 314-15 (7th Cir. 2019). Accordingly, a default judgment is warranted on all of plaintiffs' claims.

Because the amount of damages has not yet been determined, plaintiffs ask the court to order Seeing Further to provide information relevant to the unpaid contributions. In particular, plaintiffs contend that they are entitled to recover unpaid delinquent contributions and damages under the Collection Policy, which provides as follows:

> [I]n the event of a legal action to collect delinquent payments, an employer shall be liable for the amount of unpaid contributions; liquidated damages at the rate of $200 plus 1% of the unpaid contributions for each day the delinquency remains outstanding up to a maximum of 20% or, if greater, the costs the Fund incurs pursuing the delinquency; compound interest at the rate of 1% for each month or a part thereof that a contribution is delinquent, to be applied on all delinquent contributions due including any prior interest which remains unpaid; and all costs of recovery, including, but not limited to, attorneys' fees and costs of prosecution of the legal action.

(Delap Decl. (dkt. #15) ¶ 10; Chermak Decl. (dkt. #16) ¶ 10.)

Without payroll reports from Seeing Further for the period of September 1, 2021 to present, plaintiffs have been unable to verify the amount of delinquent contributions. To determine the amount of unpaid contributions, plaintiffs seek an order directing Seeing Further to submit to an audit and to provide a list of accounts receivable for the relevant period. Courts have approved such orders in similar cases involving a default judgment for ERISA violations. *E.g., Wisconsin Sheet Metal Workers Health and Benefit Fund v. CJ Contracting, LLC*, No. 13-C-991, 2013 WL 5936344, at *3 (E.D. Wis. Nov. 5, 2013); *see also Trustees of Local Union 531, I.B.E.W. and N.E.C.A. Pension Fund v. Hoosier Communications LLC*, No. 3:22-cv-1016 2023 WL 3436907, at *4 (N.D. Ind. April 3, 2023). Accordingly, plaintiffs' motion will be granted.

ORDER

IT IS ORDERED that:

1. The motion for default judgment filed by Plaintiffs Wisconsin Electrical Employees Health & Welfare Plan, Western Wisconsin Electrical Workers Retirement Plan, Indianhead NECA-IBEW Local 14 Welfare Fund, Western Wisconsin NECA-IBEW Electrical Joint Apprenticeship & Training Fund (collectively, the "Funds"), and Chris Gulbrandson and Darren Johnson, in their capacity as Trustees of the Funds (dkt. #14) is GRANTED as to liability.

2. Within 28 days of the date of this Order, defendant Seeing Further Communications LLC is ordered to submit to an audit of its books for the period of September 1, 2021 to present so that Plaintiffs may determine whether any unpaid contributions exist for that period.

3. Within 14 days of the date of this Order, defendant is further ordered to serve on plaintiffs' counsel a list of defendants' accounts receivable, which shall include the following information: (a) the amount of each account receivable; (b) the period of time during which the receivable accrued; (c) the location of the premises upon which the associated work was performed; (d) the nature of the improvement involved for which the account receivable is due; and (e) the present outstanding amount of wages and fringe benefits still owed for labor on the improvement (itemized by individual and by month on each project or improvement separately).

4. Within 30 days of defendants' compliance with the audit or plaintiffs' unsuccessful attempts to obtain one, plaintiffs shall file a Motion for Entry of Judgment seeking a specific total for all recoverable damages, including attorneys' fees, along with any supporting documentation. Alternatively, plaintiffs shall file a status report by that deadline regarding when such a motion will be filed or what additional relief may be required from the court.

Entered this 23rd of August, 2024.

BY THE COURT:

/s/

_____
WILLIAM C. CONLEY
District Judge